IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | | |
|---|---|---|
| DAVID HARGROVE, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | No. 09-3078 |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

OPINION

JEANNE E. SCOTT, U.S. District Judge:

This cause is before the Court on Petitioner David Hargrove's Pro Se Nunc Pro Tunc Motion to Vacate Defendant's Illegal Conviction, and or Illegal Sentence, Pursuant to "The Alls Great Writ Act" [sic] (Motion) (d/e 1). The Government has filed Government's Response to Petition Under 28 U.S.C. § 1651 (Response) (d/e 5).[1]

The Motion is fully briefed and ripe for adjudication. For the reasons outlined below, Petitioner's Motion is denied.

---

[1] The Government also filed an Assertion of Improper Service of Summons (d/e 4). However, the Government subsequently entered an appearance in the case and filed its Response, where it does not renew its objection to service of process but instead addresses the substance of Petitioner's claims. Therefore, the Court deems the Government's sufficiency of process argument waived.

1

## FACTS

On November 2, 1989, a jury in the Central District of Illinois convicted Petitioner of conspiracy to distribute cocaine in violation of 42 U.S.C. § 846. United States v. Hargrove, 929 F.2d 316, 320 (7th Cir. 1991). The evidence at trial showed that Petitioner, who lived in Florida, arranged on three separate occasions in 1987 for packages of cocaine to be delivered to Ronald Beckett, who in turn passed the cocaine on to other individuals for distribution in the State of Illinois. Id. at 318. Judge Richard Mills sentenced Petitioner on March 5, 1990, to a 150-month term of imprisonment and imposed a $25,000 fine and a $50 special assessment. Id. at 320. Petitioner appealed to the Seventh Circuit, which affirmed his conviction and sentence on April 5, 1991. Id. at 321.

On February 7, 1994, Petitioner filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2255. See C.D. Ill. Case No. 94-3034, Docket Entry 4. Judge Mills closed the case in July 1994, but reopened it on December 15, 1998, upon motion by Petitioner. C.D. Ill. Case No. 94-3034, Docket Entry 3. Judge Mills denied both the petition and Petitioner's request for a certificate of appealability (COA). C.D. Ill. Case No. 94-3034, Docket Entries 8 & 15. The Seventh Circuit likewise denied Petitioner's

request for a COA. C.D. Ill. Case No. 94-3034, Docket Entry 19.

Petitioner has been released from custody, and will complete his period of supervised release on September 14, 2010. He filed this case under the All Writs Act, 28 U.S.C. § 1651, on March 27, 2009, seeking to vacate his conviction. He raises theories and claims that he did not raise either on direct appeal or during his collateral attack.

## ANALYSIS

A writ of error coram nobis is a "writ of error directed to a court for review of its own judgment and predicated on alleged errors of fact." BLACK'S LAW DICTIONARY (8th Ed. 2004). A federal court has the power to grant the writ under the All Writs Act, 28 U.S.C. § 1651. See United States v. Morgan, 346 U.S. 502 (1954). A writ of error coram nobis is an extraordinary remedy that "is used only in those rare situations when the defendant is no longer 'in custody' (rendering § 2255 unavailable) yet collateral relief remains imperative to deal with lingering civil disabilities." Godoski v. United States, 304 F.3d 761, 762 (7th Cir. 2002); United States v. Helmos Food Prod., Inc., 407 F.3d 848, 849 (7th Cir. 2005). Claims that could have been brought on direct appeal cannot be raised in a coram nobis petition. Helmos Food Prod., Inc., 407 F.3d at 849; United States v.

Keane, 852 F.2d 199, 203 (7th Cir. 1988).

The Seventh Circuit disfavors issuance of the writ, and to be successful, a coram nobis petitioner must demonstrate that he suffers from "lingering civil disabilities from his allegedly wrongful conviction." United States v. Craig, 907 F.2d 653, 657 (7th Cir. 1990). Three things must be true to show a lingering civil disability:

> First, the disability must be causing a present harm; it is not enough to raise purely speculative harms or harms that occurred completely in the past. Second, the disability must arise out of the erroneous conviction. Third, the potential harm to the petitioner must be more than incidental.

Id. at 658.

Petitioner presents three arguments in support of his Motion. The first is that the District Court lacked subject-matter jurisdiction over his criminal case because the Superseding Indictment did not name his co-conspirators. The second argument is that the Court lacked subject-matter jurisdiction over his case because he is actually innocent of the crime. Finally, Petitioner asserts that he was sentenced under the wrong provision of law because the law was amended subsequent to the time he committed the offense.

Petitioner's Motion fails on all three grounds. First, Petitioner could

have raised all three of these claims in his direct appeal. He did not do so. Claims that could have been raised on direct appeal are beyond the scope of coram nobis relief. See Helmos Food Prod., Inc., 407 F.3d at 849. Second, Petitioner has not even alleged, let alone demonstrated, that he suffers from a lingering civil disability. As discussed above, proof of a lingering civil disability is a prerequisite for relief in the Seventh Circuit. Petitioner has not shown that he is entitled to coram nobis relief, and the Court must deny his Motion.

THEREFORE, Petitioner's Pro Se Nunc Pro Tunc Motion to Vacate Defendant's Illegal Conviction, and or Illegal Sentence, Pursuant to "The Alls Great Writ Act" [sic] (d/e 1) is DENIED. All pending motions are DENIED as MOOT. This case is closed.

IT IS THEREFORE SO ORDERED.

ENTER: February 11, 2010

    FOR THE COURT:

                                            s/ Jeanne E. Scott
                                            JEANNE E. SCOTT
                                   UNITED STATES DISTRICT JUDGE